UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. JOHN'S MERCY MEDICAL CENTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHN J. DELFINO, D.M.D., ) <br> ) <br> Defendant. ) | Case No. 4:02CV01527 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant's Motion for Costs [doc. #50] and Defendant's Motion for Sanctions and Costs [doc. #51].

### I. BACKGROUND

In 1985, Plaintiff Dr. Delfino created an oral surgery training program at St. John's Mercy Medical Center ("St. John's"). Dr. Delfino entered into a 15-year employment agreement with St. John's, effective as of July 1, 1986. The agreement included an indemnification provision indicating that St. John's agreed to:

> defend, indemnify, and hold harmless John Delfino, D.M.D. for all sums, including defense costs, which it shall become legally obligated to pay as damages because of injury to any person arising out of the rendering of or failure to render the professional services and obligations, including clinical duties, which are subject of and which are included in this Agreement.

On September 19, 1997, while an action against Dr. Delfino and St. John's was pending in state court, Dr. Delfino and St. John's terminated their employment relationship. They entered into an employment separation and release agreement. Pursuant to the agreement, St. John's was not released of its obligation to indemnify Dr. Delfino in the pending state court action. After all claims against St. John's were dismissed in an order on a motion for summary judgment, St. John's indicated that it would no longer indemnify Dr. Delfino for any legal expenses he incurred

1

in the pending lawsuit, subject to a few exceptions.[1] Lewis, Rice & Fingersh, L.C. ("Lewis Rice") continued to act as counsel for Dr. Delfino. The pending case ultimately went to trial on the remaining claims against Dr. Delfino, and judgment was entered against him in the amount of $265,000. After the trial, Lewis Rice sent St. John's counsel a letter demanding that St. John's indemnify Dr. Delfino for his defense costs in connection with the lawsuit. The demand was for $220,677.14, and was divided into two components: (1) attorney's fees of $184,680 incurred for the successful defense of Dr. Delfino with respect to counts four, five, and eight during the time period commencing November 1, 1997 through February 24, 1998; and (2) $35,997.14 for expenses incurred during the same time period. St. John's counsel sent a letter to Lewis Rice, notifying it that St. John's did not believe that it had any obligation to indemnify Dr. Delfino. On March 30, 2001, Dr. Delfino made a second demand, asking St. John's to pay $1,419,590.98., plus any continuing interest, approximately $1.3 million more than he demanded at the trial court level. This figure represented: all fees and expenses paid to Lewis Rice since the inception of the lawsuit, less the $100,000 St. John's paid in October 1995, plus interest through March 20, 2001; indemnification for the $337,791.13 judgment he paid in the state court case; various additional litigation expenses and other costs, with built-in interest; and $39,699.16 for what he deemed to be "adverse tax consequences."

    A provision in the employment separation agreement between Dr. Delfino and St. John's required that all disputes related to the indemnification provisions of the agreement were to be settled by binding arbitration in St. Louis County, Missouri in accordance with the National Health Lawyers Association Alternative Dispute Resolution Service, Rules of Procedure for Arbitration. An arbitrator found St. John's liable for breach of duty to defend and awarded

---

[1]St. John's agreed, through its counsel, to continue paying for the expertise of St. John's named experts. It allowed Greg Yess to assist Dr. Delfino's accounting expert. Finally, it agreed to make available and prepare certain St. John's employees to aid Delfino in his defense and to pay all of those witnesses' expenses and its counsel's fees in connection with them.

damages for all costs and fees except for those incurred on unindemnified fraud claims, including all the legal fees accumulated *before* St. John's breach. The total award was $575,342.37. St. John's moved to vacate the entire award since Dr. Delfino had no standing to recover damages since all costs incurred relating to the lawsuit were paid by Delfino, P.C., the professional corporation set up by Dr. Delfino for his private practice. In the alternative, St. John's sought to partially vacate the award and reduce the award for any legal fees incurred by Dr. Delfino prior to St. John's breach. This Court granted St. John's motion to partially vacate the award and reduced the award accordingly based on Missouri contract law principles.

Dr. Delfino appealed this Court's judgment partially vacating a favorable arbitration award, and St. John's appealed this Court's order denying its motion to vacate based on standing issues. On July 12, 2005, the Eighth Circuit confirmed the arbitrator's award in its entirety. *See St. John's Mercy Med. Ctr. v. Delfino*, 414 F.3d 882 (8th Cir. 2005). The Eighth Circuit indicated that an arbitrator's award will only be overturned if the arbitrator was fully aware of the existence of a clearly defined governing legal principle but refused to apply it. *Id*. at 884. The Eighth Circuit found that since the arbitrator did not cite to the rule of contract law relied on by this Court in overturning the award, the arbitrator clearly did not cite and disregard it. *Id*. Thus, the Eighth Circuit held that this Court erred in substituting its remedial judgment for that of the arbitrator. *Id*. at 885. As to St. John's argument that Dr. Delfino did not have standing to recover damages, the Eighth Circuit held that St. John's "argument is, in a word, frivolous -- so contrary to arbitration law, corporate law, contract law, the governing agreements, and common sense that it warrants no further discussion." *Id*. The Eighth Circuit then remanded the action back to this Court "with directions to enter an order confirming the arbitrator's award in its entirety." *Id*. On September 29, 2005, the Eighth Circuit denied Dr. Delfino's motion for sanctions. Following remand, Dr. Delfino filed the instant motions for costs and sanctions in this Court.

3

## II. MOTION FOR BILL OF COSTS

"[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Federal Rule of Civil Procedure ("Rule") 54(d) gives the district court "inherent authority" to "award costs incurred in defending an action prior to its voluntary dismissal by the plaintiff, even though a voluntary dismissal without prejudice means that neither party can be said to have prevailed." *Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037-38 (8th Cir. 2001). "However, such costs must be set out in 28 U.S.C. § 1920 or some other statutory authorization." *Smith v. Tenet Healthsystem SL, Inc.*, 2006 WL 250252, *7 (8th Cir. Feb. 3, 2006). Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

> (1) Fees of the clerk or marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2000). The Court may not award costs not authorized by § 1920 because § 1920 "imposes 'rigid controls on cost-shifting in federal courts.'" *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (citation omitted). While there is a presumption that the prevailing party is entitled to costs, the district court has substantial discretion in awarding costs. *See Computrol, Inc. v. Newtrend L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000).

Rule 39 of the Federal Rules of Appellate Procedure mandates when costs on appeal may be assessed against a party. Subpart (a) provides that

> (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise; (2) if a judgment is affirmed, costs are taxed against the appellant; (3) if a judgment is reversed, costs are taxed against the appellee; (4)

> if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

Once the court determines against whom to assess costs, the district court may tax that party for "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(e). In order "to secure the costs mentioned in Rule 39(e), the prevailing party must make a separate application to the district court *after* the mandate has been received from the court of appeals." *Sudouest Import Sales Corp. v. Union Carbide Corp.*, 102 F.R.D. 264, 264-65 (D.C. P.R. 1984). The Eastern District local rules provide that the prevailing party must file a bill of costs within twenty days after the Eighth Circuit issues its mandate. E.D.Mo. L.R. 54-8.03(B).

Dr. Delfino seeks $255.00 for Fees of the Clerk, $2,029.05 for Fees for exemplification and copies of papers necessarily obtained for use in the case, and $4,000.00 incurred as an expense for obtaining a $245,000 Letter of Credit. St. John's does not dispute the legitimacy of the individual requests. Instead, St. John's claims that Dr. Delfino is not entitled to reimbursement of costs because (1) the judgment was reversed in part, and the Eighth Circuit did not issue an order regarding whether costs should be taxed against St. John's; (2) any motion for costs under Rule 54 is untimely pursuant to Rule 54(d)(2)(B) and E.D.Mo. L.R. 54-8.03(A).

First, this Court notes that Dr. Delfino's Motion for Costs is timely. All of his requests are reimbursable under Fed. R. App. P. 39(e). Under the local rules, the prevailing party has up to twenty days to file a motion for costs after the Eighth Circuit issues its mandate. Here, the Eighth Circuit issued its mandate on August 17, 2005. Dr. Delfino filed his Motion for Costs on August 31, 2005, within twenty days. Thus, his Motion is timely.

Next, St. John's argues that since the judgment was reversed in part, costs are taxed only as the court orders. St. John's attempts to lump Dr. Delfino's appeal and St. John's cross-appeal into one "appeal." Here, Dr. Delfino appealed this Court's September 25, 2003 Order partially

5

vacating the arbitration award. The Eighth Circuit reversed this Court's Order, finding that the arbitrator had not shown a manifest disregard for the law. According to Fed. R. App. P. 39(a)(3), costs are to be taxed against the appellee. Here, the appellee was St. John's.

St. John's cross-appealed, asking the Eighth Circuit to vacate the entire arbitration award. The cross-appeal was dismissed. Therefore, according to Fed. R. App. P. 39(a)(1), costs are to be taxed against the cross-appellant. The cross-appellant was St. John's. According to Fed. R. App. P. 39(a), costs are to be taxed against St. John's for both the appeal and cross-appeal. Dr. Delfino's Motion for Costs was timely. Therefore, this Court will tax the full amount requested against St. John's.

### III. MOTION FOR SANCTIONS

Dr. Delfino seeks an order imposing sanctions against St. John's. He argues sanctions are warranted because St. John's challenges to the arbitration award were frivolous. Rule 11 provides that the court may impose sanctions on a party if the party presents the court with a motion if "the claims, defenses, and other legal contentions therein are [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b-c). "The imposition of sanctions is a serious matter and should be approached with circumspection." *O'Connell v. Champion Intern. Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). "Rule 11 makes sanctions mandatory when a violation of the Rule occurs, but whether a violation has occurred is a matter for the court to determine, and this determination involves matters of judgment and degree." *Id*. Indeed, the court will impose sanctions "only when the 'pleading, motion or other paper' itself is frivolous, not when one of the arguments in support of a pleading or motion is frivolous." *Id*. (quoting *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1540 (9th Cir.1986)); *see also Burull v. First Nat. Bank of Minneapolis*, 831 F.2d 788, 789-90 (8th Cir. 1987) (holding that certain claims may have been appropriately sanctionable, but the inclusion of the claims had no effect on the

6

otherwise nonfrivolous suit). "An unjustified refusal to abide by an arbitrator's award may constitute bad faith for the purpose of awarding attorneys' fees" under Rule 11. *Int'l Union v. United Farm Tools, Inc.*, 762 F.2d 76, 77 (8th Cir. 1985) (awarded attorney fees because defendant failed to comply with arbitration award and did not seek to have the award set aside); *see also United Food & Commercial Workers v. Marval Poultry Co., Inc.*, 876 F.2d 346, 347 (4th Cir. 1989) (awarded attorney fees because defendant unjustified in challenging the merits of the arbitration award in federal court since defendant had failed to raise the issues at arbitration).

St. John's argues that the Court should deny Defendant's Motion because (1) the Eighth Circuit already denied his motion for sanctions; (2) he failed to appeal this Court's prior Order denying the imposition of sanctions; and (3) an award of sanctions would extend beyond the Eighth Circuit's mandate to this Court which specifically directed this court to "enter an order confirming the arbitrator's award in its entirety."

"When an appellate court remands a case to the district court for further proceedings consistent with the appellate decision, all issues the appellate court decides become the law of the case." *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 457 (8th Cir. 1990); *see also Arizona v. California*, 460 U.S. 605, 618-19 (1983).

> The doctrine of the law of the case prevents the relitigation of settled issues in an action, thus protecting the expectations of the parties, ensuring uniformity of decisions and promoting judicial efficiency. The doctrine of the law of the case precludes litigation of matters that are decided implicitly, as well as those decided explicitly.

*UniGroup, Inc. v. Winokur*, 45 F.3d 1208, 1211 (8th Cir. 1995). Indeed, "a fundamental precept of common-law adjudication is that an issue once determined by a competent court is conclusive." *Arizona*, 460 U.S. at 619. "[T]he district court is not free on remand to reconsider any question finally disposed of by the court of appeals." *Pediatric Specialty Care, Inc. v. Ark. Dept. of Human Servs.*, 364 F.3d 925, 931 (8th Cir. 2004). While this Court recognizes that the Eighth Circuit described St. John's argument about shareholder standing as "frivolous," the Eighth

7

Circuit denied Dr. Delfino's Motion for Sanctions. This Court is persuaded that the Eighth Circuit's denial of sanctions necessarily resolved this issue.

Furthermore, the Eighth Circuit's mandate was clear. On remand, this Court was explicitly directed to confirm the arbitrator's award. The "law of the case" doctrine does not apply to the mandate itself since the mandate did not implicitly or explicitly direct this Court to hear matters not relating to confirming the arbitrators award. However, "the common law strongly directs courts to follow decisions made in an earlier proceeding unless substantially different evidence is introduced or the earlier decision is both clearly erroneous and works a manifest injustice or some other extraordinary circumstances exist." *See Bethea*, 916 F.2d at 457 (holding that the Eighth Circuit's mandate was clear, and that the district court erred in deviating from that mandate). Defendant has presented no such circumstances in this case, and so the Motion for Sanctions will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the arbitrator's award is confirmed in its entirety.

**IT IS FURTHER ORDERED** that Defendant's Motion for Costs [doc. #50] is **GRANTED**. It is Ordered that the Clerk of this Court shall tax costs against Plaintiff St. John's Mercy Medical Center in favor of Defendant John Delfino in the amount of **$6,284.06** constituting: $255.00 for Fees of the Clerk; $2,029.05 for Fees for exemplification and copies of papers necessarily obtained for use in the case; and $4,000 for premiums paid for a supersedeas bond.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions [doc. #51] is **DENIED**.

Dated this 29th day of March, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE